UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marco Strickland,

                Plaintiff,        Case No. 25-10698

v.                                    Judith E. Levy
                                      United States District Judge

Judge Richard Page,

                                      Mag. Judge Anthony P. Patti

                Defendant.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULES 11.2 AND 41.2 AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT [3]**

## I. Introduction

On or about March 12, 2025, *pro se* Plaintiff Marco Strickland filed this action against Judge Richard Page. (ECF No. 1.) The Court issued an order to supplement the record on April 16, 2025, but the order was returned as undeliverable. (ECF No. 9.) The Court therefore dismisses the complaint without prejudice.

## II. Background

Plaintiff filed his complaint on March 12, 2025. (ECF No. 1.) On the same day, he filed an application to proceed without prepaying fees or costs and a motion for preliminary injunction. (ECF Nos. 2, 3.) On March 31, 2025, the Court ordered Plaintiff to supplement the record because his application was incomplete. (ECF No. 6, PageID.48.) On April 8, 2025, Plaintiff filed a second application to proceed without prepaying fees or costs. (ECF No. 7.) On April 16, 2025, the Court again ordered Plaintiff to file a revised application with completed information by April 25, 2025 because he still failed to file a complete application.[1] (ECF No. 8, PageID.58.) The April 16, 2025 order was mailed to Plaintiff's listed address but was returned as undeliverable. (ECF No. 9.)

### III. Legal Standard

Parties must keep the Court informed of their contact information. E.D. Mich. LR 11.2. When a party fails to promptly update his contact information, he may face sanctions, including dismissal of the complaint. *Id.*; *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002)

---

[1] The Court also warned Plaintiff that if he failed to file a revised, completed application, "the Court w[ould] dismiss his claims for failure to comply with this order and the Court's March 31, 2025 order, pursuant to Rule 41(b)." (ECF No. 8, PageID.58.)

(affirming dismissal of complaint for want of prosecution based upon failure to provide current address). *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address. *See, e.g., Bugg v. Bauman*, No. 19-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020); *Beeler v. Rivas*, No. 21-10903, 2022 WL 1040362, at *2 (E.D. Mich. Mar. 14, 2022), *report and recommendation adopted*, No. 21-10903, 2022 WL 1039779 (E.D. Mich. Apr. 6, 2022); *Mays v. Lapeer Cnty. Jail*, No. 22-11048, 2022 WL 2345908, at *1 (E.D. Mich. June 29, 2022).

Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "after reasonable notice or on application of a party" when a party has "taken no action for a reasonable time." E.D. Mich. LR. 41.2. The Court cannot reasonably notify a party before taking action under Local Rule 41.2 when the party has failed to comply with Local Rule 11.2. "The Court may therefore dismiss a civil action for failure to prosecute under these rules." *Beeler*, 2022 WL 1040362, at *2.

3

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Id.* at 705 (internal quotation marks and citations omitted).

## IV. Analysis

Here, as set forth above, Plaintiff has caused delay, and dismissal is proper. He failed to update his contact information. As of today's date, he has failed to comply with the Court's orders to supplement the record, and the Court has no way of contacting him. Indeed, "Plaintiff has made it impossible to move this litigation forward or for the Court to warn him that his failure to prosecute the action will result in dismissal. It also leads the Court to find no utility in considering or imposing lesser sanctions." *Horacek v. Markwell*, No. 22-10966, 2023 WL 5232911, at *2 (E.D. Mich. Aug. 14, 2023) (dismissing the plaintiff's complaint with prejudice where she failed to update his address); *see also Mays*, 2022 WL 2345908, at *1 ("The Court has no way to contact [the plaintiff]. The Court will therefore dismiss this case without prejudice for want of prosecution.") As a result, the Court finds it appropriate to dismiss Plaintiff's complaint pursuant to Eastern District of Michigan Local Rules 11.2 and 41.2.

## V. Conclusion

The Court concludes that it is appropriate to dismiss this case for failure to comply with the Court's order, for want of prosecution, and due

to Plaintiff's failure to file an updated address. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2. The Court **DISMISSES** the complaint **WITHOUT PREJUDICE** and **DENIES AS MOOT** Plaintiff's motion for a preliminary injunction. (ECF No. 3.) The Court also concludes that an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

IT IS SO ORDERED.

Dated: May 7, 2025  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2025.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager